1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

11   ERICK ARELLANO,                          )   Case No.: 1:17-cv-01235-LJO- JLT
                                              )
12              Plaintiff,                    )   ORDER TO PLAINTIFF TO SHOW CAUSE WHY
                                              )   THE MATTER SHOULD NOT BE DISMISSED
13        v.                                  )   AS BARRED
                                              )
14   CHAD HASKINS, et al.,                    )
                                              )
15              Defendants.                   )
                                              )
16   _____ )

17          Erick Arellano seeks to proceed *pro se* and *in forma pauperis[1]* in this action, in which he asserts

18   Bakersfield Police Officers Chad Haskins and Frederick Martinez violated his Fourth Amendment

19   rights through using excessive force in the course of an arrest.  (Doc. 1 at 2-3)  Although Plaintiff fails

20   to address when the arrest occurred, or what he was charged with by the officers, Plaintiff directs the

21   Court's attention to "video proof of the incident in the local news archives."  (*Id.* at 3)

22          The Kern County Superior Court records in Case No. BF162809A[2] indicate Plaintiff as arrested

23   on January 14, 2016, and charged with violations of California Vehicle Code § 2800.4 (evading a peace

24

_____

25          [1] The Court defers ruling on the motion to proceed *in forma pauperis* pending resolution of the *Heck* issue.
            [2] The court may take notice of facts that are capable of accurate and ready determination by resort to sources
26   whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333
     (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and the
27   Court make take judicial notice of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir.
     1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); *see also*
28   *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736,
     738 (6th. Cir. 1980). Thus, the Court takes judicial notice of the court record in Kern County Superior Court case number
     BF162809A.

1

officer by driving in the opposite of traffic), California Vehicle Code § 2800.4 (driving recklessly while evading a peace officer), California Penal Code § 30305(a)(1) (possession of ammunition by a person prohibited from owning or possessing a firearm), and California Penal Code § 69 (obstruction or resistance of an officer through the use of threat or violence). Plaintiff pleaded no contest to each of these charges, and was sentenced to more than fourteen years in prison.

Significantly, the Supreme Court determined that a claim for the use of excessive force during an arrest is barred where the lawfulness of the officer's actions is a prima facie element of the offense. *Heck v. Humphrey*, 512 U.S. 477, 486 n.6 (1994). Specifically, the Court determined,

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a [plaintiff] seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 487-88.

To be convicted of a violation of Cal. Penal Code § 69, it must be established that the officer was engaged "in the performance of his duty." Cal. Penal Code § 69. This requires that the officer be engaged in the "lawful" performance of his official duties. *See People v. Simons*, 42 Cal. App. 4th 1100, 1108 (1996). Plaintiff's claim for the use of excessive force implies the arrest was "unlawful" because "it is a public offense for a peace officer to use unreasonable and excessive force in effecting an arrest." *People v. Olguin*, 119 Cal. App. 3d 39, 45 (1981). Thus, a determination that the defendants used excessive force in the course of the arrest would require a finding that the officers were not engaged in the lawful performance of his duty, and that the conviction under Section 69 is invalid. *See Heck*, 512 U.S. at 487; *see also Smithart v. Towery,* 79 F.3d 951, 952 (9th Cir. 1996) ("a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed")

Moreover, because Plaintiff pleaded *nolo contendere* to the charges, he has been found guilty of the charge for purposes of determining whether he may bring a claim against the officers. *Nuno v. County of San Bernardino*, 58 F.Supp.2d 1127, 1135 (C.D. Cal.1999) ("a plea of nolo contendere in a California criminal action has the same effect as a guilty plea or jury verdict of guilty" when evaluating a *Heck* claim).

Based upon the foregoing, the Court **ORDERS** that Plaintiff **SHALL** show cause in writing, within fourteen days of the date of service of this Order, why the action should not be dismissed as barred. **Plaintiff is advised that his failure to comply with this order will result in a recommendation that the case be dismissed.**

IT IS SO ORDERED.

Dated:   **September 29, 2017**            **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE