# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK ARELLANO,<br><br>        Plaintiff,<br><br>    v.<br><br>CHAD HASKINS, et al.<br><br>        Defendants. | Case No.: 1:17-cv-01235 - LJO-JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO PROSECUTE |

Erick Arellano requested to proceed *pro se* and *in forma pauperis* in this action, in which he asserts Bakersfield Police Officers Chad Haskins and Frederick Martinez violated his Fourth Amendment rights through using excessive force in the course of an arrest. Because Plaintiff has failed to comply with the Court's order and failed to prosecute the action, it is recommended that the action be **DISMISSED** without prejudice.

## I.    Relevant Background

Plaintiff initiated this action by filing a complaint on September 15, 2017. (Doc. 1) The Court reviewed the complaint, and noted that while Plaintiff failed to allege "when the arrest occurred, or what he was charged with by the officers," he also directed the Court's attention to "video proof of the incident in the local news archives." (*Id.* at 1)

The Court took judicial notice of Kern County Superior Court records in Case No. BF162809A, which indicated Plaintiff the challenged arrest occurred on January 14, 2016, and Plaintiff was

1

"charged with violations of California Vehicle Code § 2800.4 (evading a peace officer by driving in the opposite of traffic), California Vehicle Code § 2800.4 (driving recklessly while evading a peace officer), California Penal Code § 30305(a)(1) (possession of ammunition by a person prohibited from owning or possessing a firearm), and California Penal Code § 69 (obstruction or resistance of an officer through the use of threat or violence)." (Doc. 3 at 2-3) Plaintiff pleaded *nolo contendere* to each of the charges. (*Id.* at 3)

In light of these facts, the Court issued an order on September 29, 2017, directing Plaintiff to "show cause in writing, within fourteen days of the date of service of this Order, why the action should not be dismissed as barred" under *Heck v. Humphrey*, 512 U.S. 477, 486 n.6 (1994). (Doc. 3 at 3) On October 6, 2017, Plaintiff requested an extension of time to respond (Doc. 4), which was granted by the Court (Doc. 5). Accordingly, Plaintiff was ordered to "respond to the order to show cause no later than **December 1, 2017**." (Doc. 5 at 1, emphasis in original) To date, Plaintiff has not filed his response, or taken any additional action to prosecute the matter.

## II. Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

## III. Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious

2

resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

### A. Public interest and the Court's docket

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not hold, this case in abeyance based upon Plaintiff's failure to comply with the Court's orders and failure to take action to continue prosecution in a timely manner. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (explaining a plaintiff has the burden "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Accordingly, these factors weigh in favor of dismissal of the action.

### B. Prejudice to Defendant

To determine whether the defendant suffers prejudice, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)). Significantly, a presumption of prejudiced arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Plaintiff has not taken any action to further prosecuting the action—including responding to the order to show cause to demonstrate his claim is not barred —despite being ordered by the Court to do so. Therefore, this factor weighs in favor of dismissal.

### C. Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, the Ninth Circuit has determined that a

court's warning to a party that his failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262. As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

Here, the Court warned Plaintiff in the order to show cause that "**his failure to comply with this order will result in a recommendation that the case be dismissed**." (Doc. 3 at 3, emphasis in original) Significantly, the Court need only warn a party once that the matter could be dismissed for failure to comply to satisfy the requirements of Rule 41. *Ferdik*, 963 F.2d at 1262; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3rd Cir. 1982) (identifying a "warning" as an alternative sanction). Accordingly, the warnings to Plaintiff satisfied the requirement that the Court consider lesser sanctions, and this factor weighs in favor of dismissal of the action. *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6.

### D. Public policy

Given Plaintiff's failure to prosecute the action and failure to comply with the Court's orders, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits . . . weighs against dismissal, it is not sufficient to outweigh the other four factors").

## IV. Findings and Recommendations

Plaintiff failed to comply with the Court's order to show cause why the action should not be dismissed, despite receiving warnings that failure to comply could result in the action be dismissed. In doing so, Plaintiff has also failed to take any action to prosecute this action.

Based upon the foregoing, the Court **RECOMMENDS**:

1. This action be **DISMISSED** without prejudice;
2. The motion to proceed *in forma pauperis* (Doc. 2) be terminated as **MOOT**; and
3. The Clerk of Court be **DIRECTED** to close the action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local

Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **December 10, 2017**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE