# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK ARELLANO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHAD HASKINS, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No.: 1:17-cv-01235- LJO- JLT <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (Doc. 2) <br><br> ORDER FINDING SERVICE OF PLAINTIFF'S FIRST AMENDED COMPLAINT APPROPRIATE AND DIRECTING PLAINTIFF TO COMPLETE SERVICE DOCUMENTS WITHIN THIRTY DAYS |

Erik Arellano seeks to proceed *pro se* and *in forma pauperis* with an action for a violation of civil rights against Bakersfield Police Officers Chad Haskins and Frederick Martinez, asserting the officers used excessive force after he surrendered to their arrest. (Doc. 9) For the following reasons, the Court finds service of the First Amended Complaint is appropriate and directs Plaintiff complete and return the service documents.

**I.      Proceeding *in forma pauperis***

The Court may authorize the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The Court reviewed the financial status affidavit (Doc. 2), and finds the requirements of 28 U.S.C. § 1915(a) are satisfied. Therefore, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.

///

1

## II. Screening Requirement

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). The Court must screen the First Amended Complaint because it supersedes the previously filed complaint. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## III. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to inform the defendant of the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 679 (citations omitted). When factual allegations are well-pled, a court should

assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## IV. Section 1983 Claims

An individual may bring an action for the deprivation of civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983"), which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. A plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

## V. Background and Factual Allegations

Kern County Superior Court records in Case No. BF162809A[1] indicate Plaintiff was arrested on January 14, 2016, and charged with violations of California Vehicle Code § 2800.4 (evading a peace officer by driving in the opposite of traffic), California Vehicle Code § 2800.4 (driving recklessly while evading a peace officer), California Penal Code § 30305(a)(1) (possession of ammunition by a person prohibited from owning or possessing a firearm), and California Penal Code § 69 (obstruction or resistance of an officer through the use of threat or violence). Plaintiff pleaded no contest to each of these charges, and was sentenced to more than fourteen years in prison.

Plaintiff alleges that on the day of his arrest, he led officers on "a considerably slow-speed chase for over two hours." (Doc. 9 at 2) Plaintiff asserts his vehicle "did in fact come to a full stop,

---

[1] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and the Court make take judicial notice of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989). Thus, the Court takes judicial notice of the court record in Kern County Superior Court case number BF162809A.

with three tires blown out by spike strips," after which "Plaintiff surrendered, with his hands in the air and eventually laying prone on the ground." (*Id.* at 3) Plaintiff contends that after he surrendered, Bakersfield Police Officers Chad Haskins and Frederick Martinez had "a few minutes of deliberations" after which they shot "a rubber bullet projectile into the body of Plaintiff." (*Id.*) In addition, Plaintiff contends Officers Haskins and Martinez "release[d] the K-9 (dog) unit to attack Plaintiff while he was still in the state of total surrender." (*Id.*) According to Plaintiff, "The Defendants failed to cease and desist the use of the attack dog for several minutes, and while they watched, the Defendants did observe their K-9 Unit rip, tear and cause great and serious injuries upon the body of Plaintiff." (*Id.*)

Plaintiff contends the officers are liable for a violation of his Fourth Amendment right to be free from the use of excessive force, because the force was used "after [Plaintiff] directly did in fact surrender, with his hands high in the air." (Doc. 9 at 3-4)

**VI.  Discussion and Analysis**

The Supreme Court of the United States has determined that the Due Process Clause of the Fourteenth Amendment protects individuals who have not yet been convicted of a crime "from the use of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 388 (1989). However, allegations of excessive force during the course of an arrest are analyzed under the Fourth Amendment, which prohibits arrests without probable cause or other justification. *Id.* ("claim[s] that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' … are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard"); *see also Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994) ("the use of force to effect an arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures"). The Supreme Court explained,

> As in other Fourth Amendment contexts . . . the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

*Graham*, 490 U.S. at 396-97 (1989) (internal citations omitted). In applying this standard, the Ninth Circuit instructs courts to consider "the totality of the circumstances and . . . whatever specific factors

4

may be appropriate in a particular case." *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010).

In *Graham*, the Supreme Court set forth factors to be considered in evaluating whether the force used was reasonable, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*, 490 U.S. at 396 (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985). In addition, Court may consider "whether officers administered a warning, assuming it was practicable." *George v. Morris*, 736 F.3d 829, 837-38 (9th Cir. 2013) (citing *Scott v. Harris*, 550 U.S. 372, 381-82 (2007). Ultimately, the "reasonableness" of the actions "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396.

Plaintiff asserts that he had surrendered to Officers Haskins and Martinez, after which the officers deliberated and then shot Plaintiff with a rubber bullet and "release[d] the K-9 (dog) unit to attack Plaintiff while he was still in the state of total surrender." (Doc. 9 at 3) Further, Plaintiff contends that, despite his state of surrender, the officers "failed to cease and desist the use of the attack dog for several minutes." (*Id.*) Thus, Plaintiff was not actively resisting arrest and ceased attempting to evade the arrest. Significantly, Plaintiff contends the officers used this force both after the unlawful actions for which Plaintiff was convicted, and after he surrendered. Further, the facts alleged demonstrate Plaintiff was not a danger to others when he surrendered to the officers.

Assuming all facts as true, Plaintiff has alleged facts sufficient to support a claim under the Fourth Amendment, which is not barred by *Heck v. Humphrey*, 512 U.S. 477, 486 n.6 (1994). *See Smith v. City of Hemet*, 394 F.3d 689, 698 (9th Cir. 2005) (holding a Section 1983 claim is not barred by *Heck* "if the use of excessive force occurred subsequent to the conduct on which his conviction was based"); *Marlow v. City of Orange*, 282 Fed. Appx. 575, 577 (9th Cir. 2008) (where the plaintiff's crimes were "based on acts that were complete before any alleged excessive force took place," *Heck* will not bar a Section 1983 excessive force claim).

### VII.  Conclusion and Order

For the reasons set forth above, the Court finds Plaintiff has stated cognizable claims for violations of the Fourth Amendment by Defendants, and service of the First Amended Complaint is

appropriate. Accordingly, the Court **ORDERS**:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**;
2. Service of Plaintiff's First Amended Complaint is appropriate for, and shall be initiated on Defendants Chad Haskins and Frederick Martinez.
3. The Clerk of the Court is directed to send Plaintiff two USM-285 forms, two summons, one Notice of Submission of Documents form, an instruction sheet, and a copy of the First Amended Complaint filed on January 24, 2018 (Doc. 9).
4. Within **thirty days** from the date of this order, Plaintiff **SHALL** complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:
    a. One completed USM-285 form for each defendant listed above;
    b. One completed summon for each defendant listed above; and
    c. Three copies of the First Amended Complaint.
5. Plaintiff need not attempt service on Defendants and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve Defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.
6. **Plaintiff is cautioned that failure to comply with this order will result in dismissal of the action pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated: **March 29, 2018**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE