UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK ARELLANO,<br><br>    Plaintiff,<br><br>    v.<br><br>CHAD HASKINS, et al.,<br><br>    Defendants. | Case No.: 1:17-cv-1235-LJO - JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 19) |

On December 14, 2018, Erik Arellano filed motion for appointment of counsel. (Doc. 19) Plaintiff asserts counsel should be appointed because "he has no knowledge or any legal training in the land and has/is relied/relying solely on the assistance of Jailhouse Lawyers." (Doc. 19 at 1) He reports that because he was transferred from Donovan Correctional Facility to Corcoran, "has been unable to maintain consistent legal assistance from other inmates." (*Id.*) In addition, Plaintiff contends he has suffered from some "mental deterioration… affecting his ability to comprehend and effectively litigate."[1] (*Id.*) He also believes the action is complex in nature, because the anticipated discovery includes video recordings of the underlying incident. (*Id.*) For these reasons, Plaintiff requests that the Court appoint counsel to represent him in the action.

---

[1] Such a claim must be supported by evidence from a medical professional documenting the plaintiff's claim. If the plaintiff has this evidence, he may resubmit this request with the medical/mental heath records.

1

Importantly, in most civil cases, there is no constitutional right to counsel in most civil cases, but the Court may request an attorney to represent indigent persons. 28 U.S.C. § 1915(e)(1). Plaintiff is advised that the Court cannot *require* representation of a plaintiff pursuant to 28 U.S.C. § 1915. *Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). Nevertheless, in "exceptional circumstances," the Court has discretion to request the voluntary assistance of counsel. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

To determine whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted). Here, although Plaintiff asserts he has suffered from "mental deterioration," he has demonstrated the ability to respond to the Court's orders and meet deadlines set by the Court. In addition, Plaintiff is very articulate and able to state his position in an intelligible manner before the Court. Further, at this early stage in the proceeding, the Court is unable to make a determination that Plaintiff is likely to succeed on the merits. Therefore, the Court does not find the required exceptional circumstances at this time.

Accordingly, the Court **ORDERS**: Plaintiff's motion for the appointment of counsel (Doc. 19) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: **December 17, 2018**          **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE