# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK ARELLANO, | Case No.: 1:17-cv-01235 - LJO-JLT |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO COMPEL |
| v. | (Doc. 28) |
| CHAD HASKINS, et al., | ORDER DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME |
| Defendants. | (Doc. 29) |

Erik Arellano asserts Bakersfield Police Officers Chad Haskins and Frederick Martinez used excessive force after he surrendered to their arrest. (Doc. 9) Defendants report Plaintiff failed to serve his initial disclosures and failed to respond to their discovery requests, including interrogatories, requests for production of documents, and a request for admissions. Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendants seek to compel Plaintiff to submit his initial disclosures as previously ordered by the Court and respond to their discovery requests. (Doc. 28) Plaintiff responded by filing a motion for an extension of time for discovery. (Doc. 29)

For the reasons set forth below, Defendants' motion to compel discovery is **GRANTED** and Plaintiff's motion for an extension of time is **DENIED**.

**I.     Relevant Background**

The Court held a scheduling conference on January 8, 2019, at which deadlines related to discovery were set for the parties. (Doc. 24) The parties were ordered to exchange their initial

1

disclosures no later than January 28, 2019. (*Id.* at 1, 3) In addition, the Court ordered the parties to complete all non-expert discovery no later than February 18, 2020. (*Id.*)

Defendants served Plaintiff with interrogatories, a request for admissions, and a request for production of documents on February 13, 2019. (Doc. 28-1 at 2-3) Although responses were due no later than March 18, 2019, Plaintiff failed to respond. (*Id.*) On March 28, 2019, Defendants' Counsel, Heather Cohen, notified Plaintiff through a letter "that his Initial Disclosure and discovery responses were delinquent and requested that he provide his Initial Disclosure and responses to the discovery requests on or before April 15, 2019." (*Id.* at 3) Plaintiff failed to respond to the letter, either by providing the discovery requested or seeking an extension of time to respond. (*Id.*)

On April 18, 2019, Defendants filed the motion now pending before the Court, reporting Plaintiff failed to comply with the Court's Scheduling Order to make his initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, and that he failed to respond to Defendants' discovery requests. (Doc. 28) In response, Plaintiff filed a motion for an extension of time on May 2, 2019 to provide his discovery responses. (Doc. 29)

**I.     Plaintiff's Motion for an Extension of Time**

Plaintiff seeks an extension of time to serve defendants with his initial disclosures and respond to the discovery requests, reporting that the request "is solely based on the fact that [he is] an incarcerated inmate, that has been pending transfer since the date of 4-5-2019." (Doc. 29 at 1) According to Plaintiff, due to the pending transfer, he has "not been in possession of [his] property making it nearly impossible to respond." (*Id.*)

However, Plaintiff fails to offer any reason for his failure to timely respond to the discovery requests, as the deadline was March 18, 2019—more than two weeks prior to the identified pending transfer date. Further, Plaintiff fails to explain why, despite lacking information regarding addresses, he failed to respond to interrogatories and requests for admissions that addressed information within his personal knowledge regarding the underlying events. Finally, he fails to explain why, when counsel wrote to him about the outstanding discovery, he failed to write back to explain the circumstances. Given Plaintiff's failure to demonstrate good cause, Plaintiff's motion for an extension of time to respond to the discovery is **DENIED**.

2

**II.     Defendant's Motion to Compel Discovery**

Under the Federal Rules, "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection" when "a party fails to answer an interrogatory submitted under Rule 33; or . . . a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B).

**A.     Scope of Discovery and Requests**

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure and Evidence. Fed. R. Civ. P. 26(b) states:

> Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things…For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevancy to a subject matter is interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

1.     Interrogatories

A party may propound interrogatories relating to any matter that may be inquired to under Rule 26(b). Fed. R. Civ. P. 33(a). A responding party is obligated to respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4). In general, a responding party is not required "to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." *Haney v. Saldana*, 2010 U.S. Dist. LEXIS 93447, at *9 (E.D. Cal. Aug. 24, 2010) (citing *L.H. v. Schwarzenegger*, 2007 U.S. Dist. LEXIS 73753 (E.D. Cal. Sep. 21, 2007)). Further, the responding party must supplement a response if the information sought is later obtained or the previous response requires a correction. Fed. R. Civ. P. 26(e)(1)(A).

2.     Requests for Production of Documents

A party may request documents "in the responding party's possession, custody, or control."

Fed. R. Civ. P. 34(a)(1). Similarly, a party may serve a request "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property . . ." Fed. R. Civ. P. 34(a)(2). A request is adequate if it describes items with "reasonable particularity;" specifies a reasonable time, place, and manner for the inspection; and specifies the form or forms in which electronic information can be produced. Fed. R. Civ. P. 34(b). Thus, a request is sufficiently clear if it "places the party upon 'reasonable notice of what is called for and what is not.'" *Kidwiler v. Progressive Paloverde Ins. Co.*, 192. F.R.D. 193, 202 (N.D. W. Va. 2000) (quoting *Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 412 (M.D.N.C. 1992)).

The responding party must respond in writing and is obliged to produce all specified relevant and non-privileged documents, tangible things, or electronically stored information in its "possession, custody, or control" on the date specified. Fed. R. Civ. P. 34(a). Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995). Such documents include documents under the control of the party's attorney. *Meeks v. Parson*, 2009 U.S. Dist. LEXIS 90283, 2009 WL 3303718 (E.D. Cal. September 18, 2009) (involving a subpoena to the CDCR); *Axler v. Scientific Ecology Group, Inc*., 196 F.R.D. 210, 212 (D.Mass. 2000) (A "party must produce otherwise discoverable documents that are in his attorneys' possession, custody or control").

In the alternative, a party may state an objection to a request, including the reasons. Fed. R. Civ. P. 34(b)(2)(A)-(B). When a party resists discovery, he "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 189 F.R.D 281, 283 (C.D. Cal. 1998) (citing *Nestle Food Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990)). Boilerplate objections to a request for a production are not sufficient. *Burlington Northern & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005).

        3.      <u>Requests for Admissions</u>

"A party may serve on any other party a written request to admit, for purposes of the pending

4

action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1).

If a matter is not admitted, a denial must "state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.*

**B.     Discussion and Analysis**

Under the Federal Rules, "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection" when "a party fails to answer an interrogatory submitted under Rule 33; or . . . a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B).

Defendants assert Plaintiff failed to respond to the following discovery requests: (1) interrogatories from defendants Chad Haskins and Frederick Martinez; (2) Defendants' First Request for Admissions; and (3) Defendants' First Request for Production of Documents. (Doc. 28-1 at 2-3) Ms. Cohen, wrote to Plaintiff on March 28, 2019 to request the initial disclosures and the discovery responses. (Doc. 26-1 at 3; Doc. 26-at 2, Cohen Decl. ¶ 5) Ms. Cohen informed Plaintiff that if the discovery was not provided, Defendants would "file a motion to compel…." (*Id.* at 46) Despite this information, Plaintiff failed to make his initial disclosures or respond to Defendants' discovery requests. Further, because Plaintiff failed to respond to the requests for admission, the requests were deemed admitted as a matter of law when Plaintiff failed to timely respond. Fed. R. Civ. P. 36(a)(3); *see also Smith v. Pac. Bell Tel. Co., Inc.*, 662 F.Supp.2d 1199, 1229 (E.D. Cal. 2009) (explaining Rule 36 is self-executing and no motion is needed to deem the matters admitted)

Given Plaintiff's complete failure to respond to the discovery requests, Defendants' motion to compel Plaintiff to serve his initial disclosures and respond to Defendants' interrogatories and requests

for production of documents is **GRANTED**.

### III. Conclusion and Order

Plaintiff is reminded that failure to comply with a Court order—including the Court's Scheduling Order directing the parties to serve initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure—may result in the imposition of sanctions, including dismissal of the action. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (same);

Accordingly, the Court **ORDERS**:

1. Plaintiff's motion for an extension of time (Doc. 29) is **DENIED**;
2. Defendants' motion to compel discovery (Doc. 28) is **GRANTED**;
3. Plaintiff **SHALL** serve his initial disclosures no later than **May 31, 2019**; and
4. Plaintiff **SHALL** respond to Defendants' Interrogatories-Set One and produce documents responsive to Defendants' Request for Production of Documents- Set One no later than **May 31, 2019**.

**Plaintiff is strongly admonished that his failure to comply with this order or any other order of the Court—including the scheduling order--may result in the Court imposing sanctions on him which could include dismissal of the action as authorized by Local Rule 110**.

IT IS SO ORDERED.

Dated: **May 10, 2019**                     /s/ Jennifer L. Thurston
                                            UNITED STATES MAGISTRATE JUDGE