# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK ARELLANO, | Case No.: 1:17-cv-01235 - LJO-JLT |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO COMPEL FURTHER DISCOVERY (Doc. 34) |
| v. | |
| CHAD HASKINS, et al., | ORDER DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME (Doc. 33) |
| Defendants. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (Doc. 35) |

Erik Arellano asserts Bakersfield Police Officers Chad Haskins and Frederick Martinez used excessive force after he surrendered to their arrest. (Doc. 9) Defendants report Plaintiff failed to provide proper responses to their interrogatories and Requests for Production of Documents. Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendants seek to compel Plaintiff to provide further discovery responses. (Doc. 34-2) Plaintiff sought an extension of time to supplement his responses (Doc. 33) but did not otherwise oppose the motion.

For the reasons set forth below, Defendants' motion to compel discovery is **GRANTED**, his motion for an extension of time is **DENIED** as moot and his request for appointment of counsel is **DENIED**.

## I.      Relevant Background

The Court held a scheduling conference on January 8, 2019, at which it set deadlines related to discovery. (Doc. 24) The Court ordered the parties to exchange their initial disclosures no later than

1

January 28, 2019. (*Id.* at 1, 3) In addition, the Court ordered the parties to complete all non-expert discovery no later than February 18, 2020. (*Id.*)

Defendants served Plaintiff with interrogatories, a request for admissions, and a request for production of documents on February 13, 2019. (Doc. 28-1 at 2-3) Although responses were due no later than March 18, 2019, Plaintiff failed to respond. (*Id.*) On March 28, 2019, Defendants' Counsel, Heather Cohen, notified Plaintiff through a letter "that his Initial Disclosure and discovery responses were delinquent and requested that he provide his Initial Disclosure and responses to the discovery requests on or before April 15, 2019." (*Id.* at 3) Plaintiff failed to respond to the letter, either by providing the discovery requested or seeking an extension of time to respond. (*Id.*)

On April 18, 2019, Defendants filed a motion to compel discovery, reporting Plaintiff failed to comply with the Court's Scheduling Order to make his initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, and that he failed to respond to Defendants' discovery requests. (Doc. 28) The Court granted the motion and directed Plaintiff to serve his initial disclosures. (Doc. 30 at 6) Plaintiff was also directed to "respond to Defendants' Interrogatories-Set One and produce documents responsive to Defendants' Request for Production of Documents- Set One no later than May 31, 2019." (*Id.*, emphasis omitted) Further, Plaintiff was advised "failure to comply with this order or any other order of the Court—including the scheduling order—may result in the Court imposing sanctions on him which could include dismissal of the action as authorized by Local Rule 110." (*Id.*, emphasis omitted)

On May 23, 2019, Plaintiff served a document entitled "Appendix" upon Defendants, which included his initial disclosures, a notice of change of address (indicating the same address on the Court's docket), Responses to Interrogatories, and Responses to Request for Production of Documents. (Doc. 34-2 at 43) In response to several requests, Plaintiff indicated he was "not prepared to produce the documents...due to a lack of making copies." (*Id.* at 51) He also indicated some documents were "not prepaired (sic) at [the] moment." (*Id.* at 52) Defendants' counsel, Heather Cohen, wrote to Plaintiff on June 3, 2019, "and requested that he provide proper verified responses and documents by June 14, 2019." (*Id.*)

Plaintiff that he is currently housed away from his property, including "all of [his] legal

documents that pertain to this case, thus making [him] incapable of properly accommodating the defendants (sic) requests of making the corrections and amending [his] responses for the time being." (Doc. 33 at 1) Thus, Plaintiff requested an extension of time to amend his discovery responses. (*Id.*)

**II.    Defendant's Motion to Compel Discovery**

Under the Federal Rules, "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection" when "a party fails to answer an interrogatory submitted under Rule 33; or . . . a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B).

   **A.    Scope of Discovery and Requests**

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure and Evidence. Fed. R. Civ. P. 26(b) states:

> Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things…For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevancy to a subject matter is interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

        1.    Interrogatories

A party may propound interrogatories relating to any matter that may be inquired to under Rule 26(b). Fed. R. Civ. P. 33(a). A responding party is obligated to respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4). In general, a responding party is not required "to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." *Haney v. Saldana*, 2010 U.S. Dist. LEXIS 93447, at *9 (E.D. Cal. Aug. 24, 2010) (citing *L.H. v. Schwarzenegger*, 2007 U.S. Dist. LEXIS 73753 (E.D. Cal. Sep. 21, 2007)). Further, the responding party must supplement a response if the information sought is

later obtained or the previous response requires a correction. Fed. R. Civ. P. 26(e)(1)(A).

### 2. Requests for Production of Documents

A party may request documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Similarly, a party may serve a request "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property . . ." Fed. R. Civ. P. 34(a)(2). A request is adequate if it describes items with "reasonable particularity;" specifies a reasonable time, place, and manner for the inspection; and specifies the form or forms in which electronic information can be produced. Fed. R. Civ. P. 34(b). Thus, a request is sufficiently clear if it "places the party upon 'reasonable notice of what is called for and what is not.'" *Kidwiler v. Progressive Paloverde Ins. Co.*, 192. F.R.D. 193, 202 (N.D. W. Va. 2000), quoting *Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 412 (M.D.N.C. 1992)).

The responding party must respond in writing and is obliged to produce all specified relevant and non-privileged documents, tangible things, or electronically stored information in its "possession, custody, or control" on the date specified. Fed. R. Civ. P. 34(a). Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995). In the alternative, a party may state an objection to a request, including the reasons. Fed. R. Civ. P. 34(b)(2)(A)-(B). When a party resists discovery, he "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 189 F.R.D 281, 283 (C.D. Cal. 1998) (citing *Nestle Food Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990)).

**B.     Discussion and Analysis**

Under the Federal Rules, "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection" when "a party fails to answer an interrogatory submitted under Rule 33; or . . . a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B).

Defendants assert Plaintiff failed to properly respond to (1) interrogatories from defendants Chad Haskins and Frederick Martinez and (2) Defendants' First Request for Production of Documents. (Doc. 34-1 at 4) Ms. Cohen wrote to Plaintiff on March 28, 2019 to request the initial disclosures and the discovery responses. (Doc. 34-2 at 61) Ms. Cohen informed Plaintiff that his interrogatory responses must be verified, and identified the manner in which she believed the responses were deficient. (*Id.*) She noted Plaintiff did not adequately respond to the Requests for Production with either a response or an objection thereto. (*Id.* at 63-64)

As Plaintiff was informed by defense counsel, his responses to interrogatories must be accompanied by a verification signed under oath. Thus, Plaintiff's responses to the interrogatories failed to comply with Federal Rule Civil Procedure 33(b)(3). In addition, Plaintiff's responses to the Request for Production—namely, that he was not prepared to produce the documents because he did not have copies—was insufficient for the Court to determine whether responsive documents exist, or the extent to which Plaintiff is refusing to engage in discovery. For example, Defendants requested Plaintiff produce all documents related to medical treatment he received as a result of the underlying incident. (Doc. 34-2 at 37) To the extent Plaintiff has control over any medical records, he may execute a release for Defendants to obtain the records. Defendants also requested Plaintiff produce any photographs of his injuries from the date of the incident. If Plaintiff is aware of such photos, he should inform Defendants. Plaintiff's response that the documents requested were "not prepared" is insufficient.

Given Plaintiff's failure to properly respond to the discovery requests, Defendants' motion to compel additional responses to the interrogatories and requests for production of documents is **GRANTED**. In light of the deadline ordered below, Plaintiff's request for an extension of time to respond to the discovery requests is moot.

Finally, as the Court previously informed him, he has no constitutional right to counsel but the Court may request an attorney to represent indigent persons in limited circumstances that don't exist here. 28 U.S.C. § 1915(e)(1). The fact he is incarcerated is a circumstance experienced by numerous litigants in this Court and alone is not basis for appointment of counsel. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). Moreover, despite the plaintiff's claim, this case does not involve complex

questions of fact or law. Further, the Court continues to be unable to determine that the plaintiff is likely to succeed on the merits. Therefore, the Court does not find the required exceptional circumstances. Thus, the plaintiff's motion for appointment of counsel (Doc. 35) is **DENIED**.

### III. Conclusion and Order

Based upon the foregoing, the Court **ORDERS**:

1. Defendants' motion to compel discovery (Doc. 34) is **GRANTED**;
2. Plaintiff **SHALL** serve supplemental responses to Defendants' Interrogatories-Set One and produce documents responsive to Defendants' Request for Production of Documents- Set One no later than **October 18, 2019**; and
3. Plaintiff's request for an extension of time (Doc. 33) is terminated as **MOOT**;
4. Plaintiff's motion for appointment of counsel (Doc. 35) is **DENIED**.

**Plaintiff is reminded that his failure to comply with this order, or any other order, of the Court may result in the Court imposing sanctions on him which could include dismissal of the action as authorized by Local Rule 110**.

IT IS SO ORDERED.

Dated: **September 27, 2019**           **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE