UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK ARELLANO,<br><br>        Plaintiff,<br><br>    v.<br><br>CHAD HASKINS, et al.,<br><br>        Defendants. | Case No.: 1:17-cv-01235 - LJO-JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A SUBPOENA WITHOUT PREJUDICE<br>(Doc. 38) |

Erik Arellano asserts Bakersfield Police Officers Chad Haskins and Frederick Martinez used excessive force after he surrendered to their arrest. (Doc. 9) Plaintiff seeks to have the Court issue a subpoena to KGET/News Network "to provide video footage of the incident for evidence." (Doc. 38 at 2) For the reasons set forth below, Plaintiff's request is **DENIED** without prejudice.

**I.    Background**

Kern County Superior Court records in Case No. BF162809A[1] indicate Plaintiff was arrested on January 14, 2016, and charged with violations of California Vehicle Code § 2800.4 (evading a peace officer by driving in the opposite of traffic), California Vehicle Code § 2800.4 (driving recklessly while

---

[1] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and the Court make take judicial notice of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989). Thus, the Court takes judicial notice of the court record in Kern County Superior Court case number BF162809A.

1

evading a peace officer), California Penal Code § 30305(a)(1) (possession of ammunition by a person prohibited from owning or possessing a firearm), and California Penal Code § 69 (obstruction or resistance of an officer through the use of threat or violence). Plaintiff pleaded no contest to each of these charges and was sentenced to more than fourteen years in prison.

Plaintiff alleges that on the day of his arrest, he led officers on "a considerably slow-speed chase for over two hours." (Doc. 9 at 2) Plaintiff asserts his vehicle "did in fact come to a full stop, with three tires blown out by spike strips," after which "Plaintiff surrendered, with his hands in the air and eventually laying prone on the ground." (*Id.* at 3) Plaintiff contends that after he surrendered, Bakersfield Police Officers Chad Haskins and Frederick Martinez had "a few minutes of deliberations" after which they shot "a rubber bullet projectile into the body of Plaintiff." (*Id.*) In addition, Plaintiff contends Officers Haskins and Martinez "release[d] the K-9 (dog) unit to attack Plaintiff while he was still in the state of total surrender." (*Id.*) According to Plaintiff, "The Defendants failed to cease and desist the use of the attack dog for several minutes, and while they watched, the Defendants did observe their K-9 Unit rip, tear and cause great and serious injuries upon the body of Plaintiff." (*Id.*)

Based upon the foregoing facts, Plaintiff contends the officers are liable for a violation of his Fourth Amendment right to be free from the use of excessive force. (Doc. 9 at 3-4) Plaintiff now asks the Court issue a subpoena to KGET News for video footage related to the underlying incident. (Doc. 37 at 4-6)

**II.     Discovery and Subpoenas to Third Parties**

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure and Evidence. Fed. R. Civ. P. 26(b) states:

> Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things…For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevancy to a subject matter is interpreted "broadly to

2

encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Under Rule 45 of the Federal Rules of Civil Procedure, a subpoena may be issued to a third party to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). A non-party, as well as a party, may be compelled under Rule 45 to produce documents and tangible things or to permit an inspection. Fed. R. Civ. P. 34(c). The party seeking production of documents bears the burden of proving that the opposing party has such control. *States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989).

### III. Discussion and Analysis

Plaintiff seeks the Court's assistance with issuing a subpoena to KGET News for video footage. However, Plaintiff fails to clearly identify what footage he believes the news entity possesses. For example, if KGET News has footage only of the slow-speed chase through the town, such footage is not relevant to Plaintiff's claim for excessive force following his surrender.

Further, Plaintiff fails to state whether the footage he seeks was released or broadcast by KGET News. Journalists and news entities are entitled to a media privilege for unpublished media. *See Los Angeles Memorial Coliseum Com. v. Nat'l Football Leauge*, 89 F.R.D. 489, 494-495 (C.D. Cal. 1981). To overcome this privilege, the party seeking disclosure of unpublished media must demonstrate: (1) that the information sought is relevant; (2) that the information sought goes to the heart of the movant's case; (3) that there is a compelling reason for the disclosure; and (4) that other means of obtaining the information have been exhausted. *See id.* at 494-95; *see also Shoen v. Shoen,* 48 F.3d 412 (9th Cir. 1995). However, Plaintiff fails to provide any information related to the footage sought, such that the Court may find it is relevant and relates to his clam for excessive force by Defendants. In addition, Plaintiff asserts that the footage is available on the Internet.

### IV. Conclusion and Order

Given the lack of information provided by Plaintiff related to his request for a subpoena, the Court is unable to identify the specific footage sought or determine whether the media privilege would be invoked. Accordingly, the Court **ORDERS**: Plaintiff's request for a subpoena to be issued to

3

KGET News is **DENIED** without prejudice.

IT IS SO ORDERED.

    Dated: **November 4, 2019**　　　　　**/s/ Jennifer L. Thurston**
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE