**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIK ARELLANO,<br><br>        Plaintiff,<br><br>    v.<br><br>CHAD HASKINS, et al.,<br><br>        Defendants. | Case No.: 1:17-cv-01235 - LJO-JLT<br><br>ORDER CONSTRUING PLAINTIFF'S MOTION AS A REQUEST FOR RECONSIDERATION AND DISQUALIFICATION DUE TO BIAS<br>(Doc. 44)<br><br>ORDER DENYING THE MOTIONS |

        Erik Arellano asserts Bakersfield Police Officers Chad Haskins and Frederick Martinez used excessive force after he surrendered to their arrest. (Doc. 9) Previously, Plaintiff sought appointment of counsel and to have the Court issue a subpoena to KGET/News Network "to provide video footage of the incident for evidence." (Docs. 19, 35, and 38) On December 23, 2019, Plaintiff filed "a supportive arguement (sic) to a previously denied motion to subpoena," asserting the Court erred in denying both his motion for a subpoena and his request for appointment of counsel. (Doc. 44 at 1-2) Plaintiff also contends the Court has exhibited bias against him in its rulings. (*Id.*)

        As set forth below, the Court construes the document as a request for reconsideration and disqualification of the assigned magistrate judge. For the reasons set forth below, Plaintiff's motions are **DENIED**.

///

///

## I. Background

Kern County Superior Court records in Case No. BF162809A[1] indicate Plaintiff was arrested on January 14, 2016, and charged with violations of California Vehicle Code § 2800.4 (evading a peace officer by driving in the opposite of traffic), California Vehicle Code § 2800.4 (driving recklessly while evading a peace officer), California Penal Code § 30305(a)(1) (possession of ammunition by a person prohibited from owning or possessing a firearm), and California Penal Code § 69 (obstruction or resistance of an officer through the use of threat or violence). Plaintiff pleaded no contest to each of these charges and was sentenced to more than fourteen years in prison.

Plaintiff alleges that on the day of his arrest, he led officers on "a considerably slow-speed chase for over two hours." (Doc. 9 at 2) Plaintiff asserts his vehicle "did in fact come to a full stop, with three tires blown out by spike strips," after which "Plaintiff surrendered, with his hands in the air and eventually laying prone on the ground." (*Id.* at 3) Plaintiff contends that after he surrendered, Bakersfield Police Officers Chad Haskins and Frederick Martinez had "a few minutes of deliberations" after which they shot "a rubber bullet projectile into the body of Plaintiff." (*Id.*) In addition, Plaintiff contends Officers Haskins and Martinez "release[d] the K-9 (dog) unit to attack Plaintiff while he was still in the state of total surrender." (*Id.*) According to Plaintiff, "The Defendants failed to cease and desist the use of the attack dog for several minutes, and while they watched, the Defendants did observe their K-9 Unit rip, tear and cause great and serious injuries upon the body of Plaintiff." (*Id.*) Based upon the foregoing facts, Plaintiff contends the officers are liable for a violation of his Fourth Amendment right to be free from the use of excessive force. (*Id.* at 3-4)

The Court reviewed the allegations of Plaintiff's First Amended Complaint and determined service was appropriate. (Doc. 10) Officers Haskins and Martinez were served with the summons and complaint, and filed their answer on May 23, 2018. (Doc. 13)

On December 14, 2018, Plaintiff filed a motion for appointment of counsel, reporting he had

---

[1] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and the Court make take judicial notice of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989). Thus, the Court takes judicial notice of the court record in Kern County Superior Court case number BF162809A.

| | |
|---|---|
| 1 | "no knowledge or any legal training in the land and has/is relied/relying solely on the assistance of |
| 2 | Jailhouse Lawyers." (Doc. 19 at 1) Plaintiff also indicated his belief that the action is complex in |
| 3 | nature, because the anticipated discovery includes video recordings of the underlying incident. (*Id.*) |
| 4 | The Court informed Plaintiff that in most civil cases, there is no constitutional right to counsel, but |
| 5 | attorneys may be requested to represent indigent persons in exceptional circumstances. (Doc. 21 at 2, |
| 6 | citing 28 U.S.C. § 1915(e)(1); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997)) The Court |
| 7 | found the exceptional circumstances did not exist, and denied the motion without prejudice. (*Id.*) |
| 8 | On January 8, 2019, the Court issued a scheduling order in this case, directing the parties to |
| 9 | exchange their initial disclosures no later than January 28, 2019. (Doc. 24 at 1, 3) In addition, the |
| 10 | Court ordered the parties to complete all non-expert discovery no later than February 18, 2020. (*Id.*) |
| 11 | Defendants served Plaintiff with interrogatories, a request for admissions, and a request for production |
| 12 | of documents on February 13, 2019. (Doc. 28-1 at 2-3) Although responses were due no later than |
| 13 | March 18, 2019, Plaintiff failed to respond. (*Id.*) On March 28, 2019, Defendants' Counsel notified |
| 14 | Plaintiff through a letter "that his Initial Disclosure and discovery responses were delinquent." (*Id.* at 3) |
| 15 | Plaintiff failed to respond, after which Defendants filed a motion to compel discovery. (Doc. 28) The |
| 16 | Court granted the motion on May 10, 2019. (Doc. 30) Defendants later requested Plaintiff be |
| 17 | compelled to provide further discovery responses, and the motion was granted. (Docs. 34, 37) |
| 18 | In September 2019, Plaintiff filed a second motion for appointment of counsel. (Doc. 35) |
| 19 | Plaintiff asserted appointment of counsel was necessary because his "imprisonment will Greatly (sic) |
| 20 | limit his ability to litigate" and "[t]he issues involved in this case are complex." (Doc. 35 at 1) The |
| 21 | Court again denied the motion for counsel, observing that Plaintiff's incarceration "is a circumstance |
| 22 | experienced by numerous litigants in this Court and alone is not basis for appointment of counsel." |
| 23 | (Doc. 37 at 5) Further the Court observed that the "case does not involve complex questions of fact or |
| 24 | law," and the Court remained "unable to determine that the plaintiff is likely to succeed on the merits" |
| 25 | at that juncture in the proceedings. (*Id.* at 5-6) Because exceptional circumstances did not exist for the |
| 26 | appointment of counsel, the request was denied. (*Id.* at 6) |
| 27 | On October 11, 2019, Plaintiff requested that the Court issue a subpoena to KGET/News |
| 28 | Network "to provide video footage of the incident for evidence." (Doc. 38 at 2) The Court noted |

Plaintiff failed to clearly identify what video footage he believed the news entity possessed. (Doc. 41) In addition, the Court noted a media privilege may apply to the footage, and Plaintiff failed to show the information sought was relevant or a compelling reason for the disclosure. (*Id.* at 3) The Court also noted that Plaintiff indicated "the footage is available on the Internet." (*Id.*) Due to the lack of specific information regarding the video footage, the Court denied the motion for a subpoena without prejudice. (*Id.* at 3-4)

Plaintiff filed a response to the Court's order on December 23, 2019, indicating the was providing "supportive arguement (sic)" to the prior motion for a subpoena. (Doc. 44) Plaintiff also asserts the Court has exhibited "biasness and prejudice" against him in the rulings on his motions related to appointment of counsel and for discovery. (*See id.* at 1-2) Accordingly, the Court construes the document to be a request for reconsideration of its orders and for disqualification of the assigned magistrate judge.

## II.    Motion for Disqualification[2]

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In addition, a magistrate judge "shall also disqualify himself in the following circumstances:

> (1)  Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (2)  Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> (3)  Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
> (4)  He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

---

[2] A motion under to disqualify under 28 U.S.C. § 455 "is addressed to, and must be decided by, the very judge whose impartiality is being questioned." *Bernard v. Coyne*, 31 F.3d 842, 843 (9th Cir. 1994).

4

> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
>> (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>> (ii) Is acting as a lawyer in the proceeding;
>> (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>> (iv) Is to the judge's knowledge likely to be a material witness in the proceeding."

28 U.S.C.§ 455(b). Thus, "Section 455(a) covers circumstances that *appear* to create a conflict of interest, whether or not there is actual bias," while "Section covers situations in which an *actual* conflict of interest exists, even if there is no appearance of one." *Herrington v. Sonoma County*, 834 F.2d 1488, 1502 (9th Cir. 1987) (emphasis in original, citations omitted).

The purpose of Section 455 is "to avoid even the appearance of partiality." *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860 (1988) (citation omitted). Thus, the standard for disqualification "is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley,* 783 F.2d 934, 939 (9th Cir. 1986) (internal quotation marks, citations omitted). The "reasonable person" is a "well-informed, thoughtful observer" and not an individual who is "hypersensitive or unduly suspicious." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (internal quotations omitted).

Furthermore, disqualification pursuant to 28 U.S.C. § 455 is required only if the alleged bias stems "from an extra-judicial source." *Toth v. Trans World Airlines, Inc.,* 862 F.2d 1381 (9th Cir. 1988). Thus, "conduct or rulings made during the course of the proceeding" alone will not support a motion to disqualify." *Id.*; *see also Liteky v. United States,* 510 U.S. 540, 553 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion, because "they cannot possibly show reliance upon an extrajudicial source").

Plaintiff contends the Court has exhibited "biasness and prejudice" against him in its rulings. (Doc. 44 at 1) Plaintiff observes that bias is demonstrated by "the fact that [the] magistrate has denied Plaintiff two separate motions for assistance for representation of counsel in this specific case that is extremely complex." (*Id.*) Finally, he "finds it appropriate to highlight the fact that [the] magistrate is located in Bakersfield, CA in which defendants are employed by the municipal Agency 'Bakersfield Police Department.'" (*Id.* at 2)

Significantly, as noted above, disagreement with the prior orders of the Court does not support a motion for disqualification. The legal standards governing the requests for counsel and discovery were explained, as were both the procedural and substantive deficiencies of the motions. Despite Plaintiff's contention that the action is complex, the Court reiterates the issue of whether Plaintiff suffered excessive force is one routinely raised in the federal court, and he has identified no facts or legal issues that render this action complex.

Plaintiff also fails to demonstrate bias by the magistrate judge based upon the fact that Defendants' counsel have been able to issue subpoenas without orders from the Court. It is, in fact, Court policy to require pro se litigants to request assistance with subpoenas.

Finally, Plaintiff fails to demonstrate bias based upon the fact that the magistrate judge presides in Bakersfield, California, and the defendants are employees of the Bakersfield Police Department. As Plaintiff is undoubtedly aware, he filed this action in *federal* court, while the defendants are employees of the *city*. The mere fact that the defendants are located in the same city as the Court does not demonstrate any actual bias or give the appearance of bias.

The record does not support a conclusion that a reasonable person would believe the magistrate judge has exhibited bias in the action. Therefore, to the extent Plaintiff seeks disqualification of the magistrate judge due to bias, the request is **DENIED**.

### III. Reconsideration

Rule 60(b) of the Federal Rules of Civil Procedure allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Reconsideration under Rule 60 is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks, citation omitted). Thus, reconsideration is not a vehicle by which "to reargue the motion or present evidence which should have been raised before," and a party "must show more than a disagreement with the Court's

decision." *United States v. Westlands Water Dist.,* 134 F.Supp.2d 1111, 1131 (E.D.Cal. 2001) (citations omitted)

Plaintiff appears to argue the denial of his motion appeared to be made with bias and prejudice, because the video footage related to the claims presented in his complaint, and he would be prejudiced without the discovery request being granted. However, the Court's order explicitly stated—twice—that the motion was denied *without* prejudice. (*See* Doc. 41 at 1, 4) Thus, Plaintiff is entitled to bring a motion for the issuance of a subpoena that identifies the information previously found lacking by the Court, including the specific video footage requested and information such that the Court may determine whether a media privilege would result in the subpoena being quashed.[3] Because reconsideration is not the proper mechanism to renew the request for a subpoena, the motion us **DENIED**. *See Broussard v. Munoz,* 2012 U.S. Dist. LEXIS 147439 at *2 (E.D. Cal. Oct. 12, 2012) ("[r]econsideration is not a vehicle by which to obtain a second bite at the apple based on mere disagreement with the court").

**IV.    Conclusion and Order**

Based upon the foregoing, Plaintiff's motion, construed as a request for reconsideration and disqualification due to bias, is **DENIED**.

IT IS SO ORDERED.

Dated:    **January 10, 2020**                    **/s/ Jennifer L. Thurston**
                                                  UNITED STATES MAGISTRATE JUDGE

---

[3] The Court declines to construe the argument presented as a new motion for discovery because Plaintiff indicated the document was a supportive argument responding to the Court's order on the prior motion and he challenged the ruling, in part, on the grounds of bias addressed above.

7