1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   ERIK ARELLANO,                    )   Case No.: 1:17-cv-01235 - LJO-JLT
                                        )
12              Plaintiff,             )   ORDER GRANTING IN PART DEFENDANTS'
                                        )   MOTION TO COMPEL FURTHER DISCOVERY
13        v.                            )
                                        )   (Doc. 42)
14   CHAD HASKINS, et al.,              )
                                        )
15              Defendants.             )
     _____)

16

17          Erik Arellano asserts Bakersfield Police Officers Chad Haskins and Frederick Martinez used

18   excessive force after he surrendered to an arrest.  (Doc. 9)  Defendants assert Plaintiff again failed to

19   provide proper responses to their interrogatories and Requests for Production of Documents.  Pursuant

20   to Rule 37 of the Federal Rules of Civil Procedure, Defendants seek to compel Plaintiff to provide

21   further discovery responses.  (Doc. 42)  Plaintiff opposes the motion, asserting he complied with the

22   prior motion to compel and provided verified responses to his discovery responses.  (Doc. 43)

23          For the reasons set forth below, Defendants' motion to compel further discovery from Plaintiff

24   is **GRANTED** in part.

25   **I.       Relevant Background**

26          The Court held a scheduling conference on January 8, 2019, at which deadlines related to

27   discovery were set for the parties.  (Doc. 24)  The parties were ordered to exchange their initial

28   disclosures no later than January 28, 2019.  (*Id.* at 1, 3)  In addition, the Court ordered the parties to

                                                      1

complete all non-expert discovery no later than February 18, 2020. (*Id.*)

Defendants served Plaintiff with interrogatories, a request for admissions, and a request for production of documents on February 13, 2019. (Doc. 28-1 at 2-3) Although responses were due no later than March 18, 2019, Plaintiff failed to respond. (*Id.*) On March 28, 2019, Defendants' Counsel, Heather Cohen, notified Plaintiff through a letter "that his Initial Disclosure and discovery responses were delinquent and requested that he provide his Initial Disclosure and responses to the discovery requests on or before April 15, 2019." (*Id.* at 3) Plaintiff failed to respond to the letter, either by providing the discovery requested or seeking an extension of time to respond. (*Id.*)

On April 18, 2019, Defendants filed a motion to compel discovery, reporting Plaintiff failed to comply with the Court's Scheduling Order to make his initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, and that he failed to respond to Defendants' discovery requests. (Doc. 28) The Court granted the motion and directed Plaintiff to serve his initial disclosures. (Doc. 30 at 6) Plaintiff was directed to "respond to Defendants' Interrogatories-Set One and produce documents responsive to Defendants' Request for Production of Documents- Set One no later than May 31, 2019." (*Id.*, emphasis omitted) Further, Plaintiff was advised "failure to comply with this order or any other order of the Court—including the scheduling order—may result in the Court imposing sanctions on him which could include dismissal of the action as authorized by Local Rule 110." (*Id.*, emphasis omitted)

On May 23, 2019, Plaintiff served a document entitled "Appendix" upon Defendants, which included his initial disclosures, a notice of change of address (indicating the same address already listed on the Court's docket), Responses to Interrogatories, and Responses to Request for Production of Documents. (Doc. 34-2 at 43) In response to several requests, Plaintiff indicated he was "not prepared to produce the documents...due to a lack of making copies." (*Id.* at 51) He also indicated some documents were "not prepaired (sic) at [the] moment." (*Id.* at 52) Defendants' counsel, Heather Cohen, wrote to Plaintiff on June 3, 2019, "and requested that he provide proper verified responses and documents by June 14, 2019." (*Id.*) When Plaintiff failed to do so, Defendants filed a second motion to compel on June 25, 2019, which was granted by the Court. (Docs. 34, 37)

On September 27, 2019, the Court informed Plaintiff that he must provide responses to interrogatories that were "accompanied by verification signed under oath." (Doc. 37 at 5) In addition,

the Court determined his "responses to the Request for Production—namely, that he was not prepared to produce the documents because he did not have copies—was insufficient for the Court to determine whether responsive documents exist, or the extent to which Plaintiff is refusing to engage in discovery." (*Id.*)  Plaintiff was also informed that if he had "control over any medical records, he may execute a release for Defendants to obtain the records" to properly respond to the requests for production.  (*Id.*)  Therefore, the Court ordered Plaintiff to "serve supplemental responses to Defendants' Interrogatories- Set One and produce documents responsive to Defendants' Request for Production of Documents- Set One no later than October 18, 2019." (*Id.* at 6, emphasis omitted)

On October 11, 2019, Plaintiff filed a motion for discovery.  (Doc. 33 at 1)  At the same time, he attempted to file his discovery responses, including responses to interrogatories, requests for admissions, and the production of documents.  (*See id.* at 1)  However, the Clerk of Court returned the discovery responses to Plaintiff with a "Clerks Notice" that indicated: "Pursuant to Local Rule 250.2(c), Interrogatories, Responses and Proofs of Service shall not be filed with the Clerk of Court until there is a proceeding in which the Interrogatories, Responses, or Proofs of Service are at issue." (*See* Doc. 42-3 at 53)  Plaintiff then served the documents—and the Clerk's Notice—upon Defendants on October 24, 2019.  (*See id.* at 2, ¶ 6)

On November 1, 2019, the Court issued a minute order regarding discovery, indicting Defendants were authorized to bring a motion to compel discovery if necessary.  (Doc. 40)  Plaintiff was "advised that he is obligated to write his responses to discovery requests in the blanks provided or to rewrite the questions and write his responses below. Also, his answers to interrogatories must be signed under penalty of perjury." (*Id.*)  In addition, the Court ordered: "[T]o the extent the plaintiff knows of documents but does not have them with him in jail, he SHALL describe the documents with specificity and identify from whom the defendants can obtain a copy. Likewise, he SHALL take all reasonable steps to obtain his documents or to have a friend or family member provide the copies of the documents to the defense." (*Id.*)

On November 7, 2019 Defendants filed the motion now pending before the Court, related to the discovery responses received from Plaintiff.  (Doc. 42)  Plaintiff filed his opposition to the motion on December 23, 2019.  (Doc. 43)

## II.        Motions to Compel Discovery

Under the Federal Rules, "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection" when "a party fails to answer an interrogatory submitted under Rule 33; or . . . a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B).

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure and Evidence. Fed. R. Civ. P. 26(b) states:

> Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things…For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevancy to a subject matter is interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

## III.        Discussion and Analysis

Defendants assert the discovery responses received were "untimely pursuant to the Court's order" and "they suffer from the same deficiencies as set forth in the previous motions to compel." (Doc. 42-2 at 3; Doc. 42-1 at 3-4) Defendants maintain the discovery responses are "procedurally deficient" and fail to contain a verification under oath. (*Id.*) Further, Defendants assert Plaintiff should be compelled to provide further responses to several interrogatories and their requests for production. (*See id.* at 3-10; *see also* Doc. 42-1 at 5)

### A.        Timeliness of the Responses

Plaintiff was ordered to "serve supplemental responses to Defendants' Interrogatories-Set One and produce documents responsive to Defendants' Request for Production of Documents- Set One no later than October 18, 2019." (Doc. 37 at 6, emphasis omitted) Defendants observe that they were not served with the responses until October 24, 2019, rendering the supplemental discovery untimely.

(Doc. 42-1 at 3-4)

The Court notes that Plaintiff—mistakenly—attempted to comply with the Court's order by *filing* the discovery documents on October 11, 2019, rather than serving the documents only upon Defendants. Thus, it appears Plaintiff attempted to comply with the deadline ordered but was unaware that such documents should not be filed with the Court. Regardless, the untimeliness of the discovery responses alone is not a basis for granting the requested relief for supplemental responses to the interrogatories and requests for production of documents.

**B. Interrogatories**

A party may propound interrogatories relating to any matter that may be inquired to under Rule 26(b). Fed. R. Civ. P. 33(a). A responding party is obligated to respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4). In general, a responding party is not required "to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." *Haney v. Saldana*, 2010 U.S. Dist. LEXIS 93447, at *9 (E.D. Cal. Aug. 24, 2010) (citing *L.H. v. Schwarzenegger*, 2007 U.S. Dist. LEXIS 73753 (E.D. Cal. Sep. 21, 2007)). Further, the responding party must supplement a response if the information sought is later obtained or the previous response requires a correction. Fed. R. Civ. P. 26(e)(1)(A).

1.     Procedural Deficiencies

As an initial matter, Defendants observe that Plaintiff's interrogatory responses "do not comply with Local Rule 260.2 which requires that Plaintiff either write his responses in the blanks provided or retype or rewrite the interrogatories along with the answers." (Doc. 42-1 at 4)

Review of Plaintiff's supplemental discovery responses reveals that Plaintiff re-wrote the interrogatories on a piece of paper, and he then wrote his responses on a separate piece of paper. (*See* Doc. 42-3 at 55-62, 64-68) Although this format is not in compliance with the Local Rule, Plaintiff's responses to each interrogatory are clearly numbered and it is easy to correspond the interrogatory with the response. Indeed, in challenging specific interrogatories below, Defendants have demonstrated an ability to identify clearly identify Plaintiff's responses to the specific interrogatories. For this reason, the Court will not require Plaintiff to re-write each of his responses to the interrogatories, despite the procedural deficiency.

## 2. Verification

According to Defendants, "Plaintiff did not include Verifications in his responses to the Interrogatories." (Doc. 42-1 at 4) Plaintiff responds that he did, in fact, provide verification to his interrogatories and the motion to compel should not be granted on these grounds. (Doc. 43 at 1)

Notably, Plaintiff's "Answer Sheet" to the interrogatories propounded by defendant Chad Haskins includes the statement: "I, Erik Arellano, declare under penalty of perjury that the aforementioned is true and correct to the best of my knowledge." (Doc. 42-3 at 62) Likewise, Plaintiff's "Answer Sheet" to the interrogatories propounded by defendant Frederick Martinez is concluded with the statement: "I, Erik Arellano, declare under penalty of perjury that the aforementioned is true and correct to the best of my knowledge." (*Id.* at 68) Both documents are dated October 7, 2019 and were signed by Plaintiff. (*Id.* at 62, 68)

Because Plaintiff signed his responses to the interrogatories propounded by Defendants under penalty of perjury, the Court finds the documents contained the required verifications. Defendants' motion to compel further discovery responses for lack of verification is **DENIED**.

## 3. Interrogatory Number 5

Defendants contend Plaintiff should be required to provide further verified responses to Interrogatory No. 5, propounded by Officer Haskins, which states: "Please IDENTIFY all DAMAGES YOU claim to have incurred as a result of the use of force by CHAD HASKINS as alleged in YOUR First Amended Complaint on file herein." (Doc. 42-2 at 3)

Plaintiff initially responded: "Emotional distress, physical injuries, etc..." (Doc. 42-2 at 3) After the Court ordered further discovery, Plaintiff's supplement response stated: "Plaintiff suffered the following damages due to gross and deliberate approximational acts of defendant; obvert malicious intent to inflict cruel and unusual punishment upon Plaintiff and [unnecessary] wanton pain and injuries, and as Plaintiff suffered and continues to suffer irreparably under (Fed. State § 1997e(e).) from PTSD." (Doc. 42-3 at 59-60)

Defendants contend the supplemental response is "extremely vague… and provides no information to provide Defendants with any idea as to the specific damages he is claiming." (Doc. 42-2 at 4) According to Defendants, a further response should be compelled because they "are entitled to

know the extent and nature of Plaintiff's claims for damages." (*Id.*)

As Defendants argue, Plaintiff's supplemental response fails to identify *specific* damages suffered. For example, he has not identified the amount of monetary damages sought or identified the physical injuries he claims to have suffered. Accordingly, Defendants' motion to compel additional responses to Interrogatory No. 5 propounded by defendant Haskins is **GRANTED**.

4.      Interrogatory Number 7

Defendants contend Plaintiff should be required to provide further verified responses to Interrogatory No. 7, propounded by Officer Haskins, which states: "Please IDENTIFY ALL HEALTH CARE PROVIDERS who rendered professional services to YOU within the last ten years to the present." (Doc. 42-2 at 4)

Plaintiff initially responded that he did "not have access to such records at the moment." (Doc. 42-2 at 4) In the supplemental response, Plaintiff stated:

> Plaintiff is not in the possession of the requested medical documents nor does he have the knowledge of names/titles although he has taken the proper steps to obtain them, and is awaiting to receive them via CDCR 77385 Forms per policy and procedure within the scope of "In Re Olsen" (1984) 117, Cal.Rptr. 579, 584 have been filed and has no option but to wait in order to receive them.

(Doc. 42-3 at 60) Defendants assert this "response is evasive," because the interrogatory asks for information rather than the actual records. (Doc. 42-1 at 4; Doc. 42-2 at 4) In addition, Defendants observe the Court previously "unequivocally rejected" Plaintiff's argument to delay discovery "based on his inability to access records." (Doc. 42-2 at 4)

As Defendants assert, this interrogatory seeks information regarding "names of Plaintiff's doctors or medical care facilities where he has been treated." (*See* Doc. 42-2 at 4) Thus, it is unclear why Plaintiff would need the medical records to respond to the interrogatory. Plaintiff may respond to the interrogatory with information regarding facilities where he sought medical care—or was transported for medical care—and information regarding the doctors and nurses who treated him, to the extent he knows such information. For example, if Plaintiff has a general practitioner or therapist who has treated him in the last ten years—including during his incarceration— that information should be provided to Defendants. Accordingly, Defendants' motion to compel a supplemental response to Interrogatory No. 7, propounded by defendant Haskins, is **GRANTED**.

## 5. Interrogatory Number 14

Defendants contend Plaintiff should be required to provide an additional response to Interrogatory Number 14 propounded by defendant Haskins, which stated: "If YOU are claiming any temporary or permanent disability as a result of the INCIDENT, please state the nature and extent of such disability." (Doc. 42-2 at 5)

Initially, Plaintiff responded: "Yet to be determined. Upon gaining knowledge I could answer in more full detail." (*Id.*) His supplemental response stated: "Plaintiff claims ongoing deprivations and dispondencies as stated on interrogatory No. 5 response. I cannot ascertain as to when I the Plaintiff will stop suffering at any point in time, as I am not a psychiatrist." (Doc. 42-3 at 61)

As Defendants argue, Plaintiff has not clearly responded to the interrogatory and it is uncertain whether he "is claiming a disability or he is not." (Doc. 42-2 at 5) Defendants are entitled to know whether Plaintiff is claiming a physical disability, mental disability, or both. In addition, Defendants are entitled to know the extent to which Plaintiff believes he is disabled, whether this belief is supported by actual medical documentation (given Plaintiff's reported inability to access his records). Therefore, Defendants' request to compel further responses to Interrogatory No. 14 propounded by Haskins is **GRANTED**.

### C. Requests for Production of Documents

A party may request documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Similarly, a party may serve a request "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property . . ." Fed. R. Civ. P. 34(a)(2). A request is adequate if it describes items with "reasonable particularity;" specifies a reasonable time, place, and manner for the inspection; and specifies the form or forms in which electronic information can be produced. Fed. R. Civ. P. 34(b). Thus, a request is sufficiently clear if it "places the party upon 'reasonable notice of what is called for and what is not.'" *Kidwiler v. Progressive Paloverde Ins. Co.*, 192. F.R.D. 193, 202 (N.D. W. Va. 2000), quoting *Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 412 (M.D.N.C. 1992)).

The responding party must respond in writing and is obliged to produce all specified relevant

and non-privileged documents, tangible things, or electronically stored information in its "possession, custody, or control" on the date specified. Fed. R. Civ. P. 34(a). Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995). In the alternative, a party may state an objection to a request, including the reasons. Fed. R. Civ. P. 34(b)(2)(A)-(B). When a party resists discovery, he "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 189 F.R.D 281, 283 (C.D. Cal. 1998) (citing *Nestle Food Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990)).

Defendants seek to compel further responses to the following Requests for Production of Documents propounded by Haskins and Martinez, Set One. (Doc. 42-2 at 5-9) In response to each of each of requests, Plaintiff either indicated that he "does not have possession of such requested documents" or that documents were not prepared. (*See* Doc. 42-3 at 88-90) Plaintiff indicates he took "the proper steps to procure said documents via CDCR 22 Request (In Re Olson) and Request for Courts Assistance." (*Id.*)

Defendants assert Plaintiffs "responses are not acceptable" to the Requests for Production of documents. (Doc. 42-2 at 7) In addition, Defendants contend, "Plaintiff has had over eight months within which to gather documents responsive to these requests." (*Id.*) According to Defendants, they "are entitled to these documents and without same, it is impossible for Defendants to defend this action and evaluate the case and Plaintiff's claims therein." (*Id.*)

Notably, it appears Plaintiff prepared his supplemental responses on October 7, 2019 (*see* Doc. 42-3 at 90). Thus, the responses were prepared prior to the Court's minute order on November 1, 2019, which informed Plaintiff:

> [T]o the extent the plaintiff knows of documents but does not have them with him in jail, he SHALL describe the documents with specificity and identify from whom the defendants can obtain a copy. Likewise, he SHALL take all reasonable steps to obtain his documents or to have a friend or family member provide the copies of the documents to the defense.

(*See* Doc. 40) Because Plaintiff did not describe the documents or identify the individuals from whom

Defendants could obtain copies, his responses are insufficient, and Defendants' motion to compel discovery is **GRANTED**.

Again, the Court informs Plaintiff that to the extent his still does not have *actual* possession of the requested documents, he shall describe the documents that are responsive to his request—including the documents he requested in his CDCR 22 Request—and identify the custodian. In addition, Plaintiff SHALL authorize Defendants to be able to receive such documents or authorize another individual to provide the requested documents to Defendants.

**IV.     Conclusion and Order**

Based upon the foregoing, the Court **ORDERS**:

1.     Defendants' motion to compel discovery (Doc. 42) is **GRANTED in part**; and

2.     Plaintiff **SHALL** serve supplemental responses to Defendants' Interrogatories-Set One, Numbers 5, 7, and 14; and produce documents responsive to Defendants' Request for Production of Documents- Set One no later than **February 14, 2020**.

**Plaintiff is reminded that his failure to comply with this order, or any other order, of the Court may result in the Court imposing sanctions on him which could include dismissal of the action as authorized by Local Rule 110**.

IT IS SO ORDERED.

Dated:   **January 16, 2020**              **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE