# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK ARELLANO, | Case No.: 1:17-cv-01235 - LJO-JLT |
| Plaintiff, | ORDER CONSTRUING PLAINTIFF'S RESPONSE AS MOTIONS FOR EXTENSION OF TIME AND DISQUALIFICATION (Doc. 51) |
| v. | |
| CHAD HASKINS, et al., | ORDER DENYING PLAINTIFF'S REQUEST FOR DISQUALIFICATION |
| Defendants. | ORDER GRANTING PLAINTIFF AN EXTENSION OF TIME TO OPPOSE THE MOTION FOR SUMMARY JUDGMENT |

Erik Arellano asserts Bakersfield Police Officers Chad Haskins and Frederick Martinez used excessive force after he surrendered to their arrest. (Doc. 9) Defendants filed a motion for summary judgment, after which the Court issued a *Rand* notice and directed Plaintiff to file an opposition to the motion no later than February 14, 2020. Plaintiff filed a response to the *Rand* notice on March 5, 2020. (Doc. 51) Plaintiff reports that he received the document following the deadline ordered by the Court, and asserts the assigned magistrate judge has exhibited bias against him. (*See generally* Doc. 51)

The Court construes the document as a motion for an extension of time to respond to the motion for summary judgment and a new motion for disqualification due to bias. For the reasons set forth below, Plaintiff's motions are **DENIED**.

## I.     Relevant Background

Kern County Superior Court records in Case No. BF162809A indicate Plaintiff was arrested on

1

January 14, 2016, and charged with violations of California Vehicle Code § 2800.4 (evading a peace officer by driving in the opposite of traffic), California Vehicle Code § 2800.4 (driving recklessly while evading a peace officer), California Penal Code § 30305(a)(1) (possession of ammunition by a person prohibited from owning or possessing a firearm), and California Penal Code § 69 (obstruction or resistance of an officer through the use of threat or violence).[1] Plaintiff pleaded no contest to each of these charges, and was sentenced to more than fourteen years in prison.

Plaintiff alleges that on the day of his arrest, he led officers on "a considerably slow-speed chase for over two hours." (Doc. 9 at 2) Plaintiff asserts his vehicle "did in fact come to a full stop, with three tires blown out by spike strips," after which "Plaintiff surrendered, with his hands in the air and eventually laying prone on the ground." (*Id.* at 3) Plaintiff contends that after he surrendered, Bakersfield Police Officers Chad Haskins and Frederick Martinez had "a few minutes of deliberations" after which they shot "a rubber bullet projectile into the body of Plaintiff." (*Id.*) In addition, Plaintiff contends Officers Haskins and Martinez "release[d] the K-9 (dog) unit to attack Plaintiff while he was still in the state of total surrender." (*Id.*) According to Plaintiff, "The Defendants failed to cease and desist the use of the attack dog for several minutes, and while they watched, the Defendants did observe their K-9 Unit rip, tear and cause great and serious injuries upon the body of Plaintiff." (*Id.*) Based upon these facts, Plaintiff contends the officers are liable for a violation of his Fourth Amendment right to be free from the use of excessive force. (*Id.* at 3-4)

The Court reviewed the allegations of Plaintiff's First Amended Complaint and determined service was appropriate. (Doc. 10) Officers Haskins and Martinez were served with the summons and complaint and filed their answer on May 23, 2018. (Doc. 13)

On January 10, 2020, Defendants filed a motion for summary judgment. (Doc. 46) The Court noted the motion did not include a *Rand* notice, explaining the requirements for opposing the motion for summary judgment. Therefore, the Court issued the *Rand* notice to Plaintiff on January 13, 2020.

---

[1] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and the Court make take judicial notice of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989). Thus, the Court takes judicial notice of the court record in Kern County Superior Court case number BF162809A.

(Doc. 47) At that time, the Court also ordered Plaintiff to file any opposition to the motion for summary judgment on February 14, 2020. (*Id.* at 3) After the Court's order to Plaintiff was returned as "Undeliverable, Not Deliverable as Addressed," the Court re-served the Order.

Plaintiff reports he received the *Rand* notice on February 27, 2020, which was beyond the time ordered by the Court. (Doc. 51 at 4) Thus, Plaintiff reports he "was… disallowed to have ample time and opportunity to file an opposition," and as a result "continues to suffer the bombardment of illegal strategy and tactics practice by both the Defendants and the Magistrate Judge." (*Id.* at 5) Thus, Plaintiff includes a "request for an extension of time" to respond. (*Id.*) Further, Plaintiff contends the motion for summary judgment should be denied because the parties did not meet and confer prior to the filing of the motion. (*Id.* at 7-8)

## II.     Motion for Disqualification[2]

As an initial matter, Plaintiff again raises the issue of bias by the assigned magistrate judge. Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In addition, a magistrate judge "shall also disqualify himself in the following circumstances:

> (1)  Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (2)  Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> (3)  Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
> (4)  He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
> (5)  He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

---

[2] A motion under to disqualify under 28 U.S.C. § 455 "is addressed to, and must be decided by, the very judge whose impartiality is being questioned." *Bernard v. Coyne*, 31 F.3d 842, 843 (9th Cir. 1994).

3

(i) Is a party to the proceeding, or an officer, director, or trustee of a party;
(ii) Is acting as a lawyer in the proceeding;
(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
(iv) Is to the judge's knowledge likely to be a material witness in the proceeding."

28 U.S.C.§ 455(b). Thus, "Section 455(a) covers circumstances that *appear* to create a conflict of interest, whether or not there is actual bias," while "Section covers situations in which an *actual* conflict of interest exists, even if there is no appearance of one." *Herrington v. Sonoma County*, 834 F.2d 1488, 1502 (9th Cir. 1987) (emphasis in original, citations omitted).

The purpose of Section 455 is "to avoid even the appearance of partiality." *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Thus, the question for disqualification "is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley,* 783 F.2d 934, 939 (9th Cir. 1986) (internal quotation marks, citations omitted). The "reasonable person" is a "well-informed, thoughtful observer" and not an individual who is "hypersensitive or unduly suspicious." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (internal quotations omitted). Further, disqualification pursuant to 28 U.S.C. § 455 is required only if the alleged bias stems "from an extra-judicial source." *Toth v. Trans World Airlines, Inc.,* 862 F.2d 1381 (9th Cir. 1988). Thus, "conduct or rulings made during the course of the proceeding" alone will not support a motion to disqualify." *Id.*; *Liteky v. United States,* 510 U.S. 540, 553 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion, because "they cannot possibly show reliance upon an extrajudicial source").

Plaintiff contends the Court demonstrated bias and prejudice against him, while assisting defendants through the issuing of a *Rand* notice. (Doc. 51) Plaintiff argues that the Court exercised an "abuse of authority and discretion" by issuing the *Rand* notice and "it is not the court's responsibility to assist the Defendants where it is not mandatory to do so." (*Id.* at 3) Plaintiff also re-asserts his argument bias was shown because the Court denied Plaintiff's requests for counsel. (*Id.*at 3-4)

Significantly, the Ninth Circuit has instructed that incarcerated *pro se* litigants receive *Rand* notices to be informed how to respond to a motion to dismiss or motion for summary judgment. *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). "[T]he purpose of the Rand notice is to provide inmate litigants with fair notice of the requirements of Rule 56." *See Daniels v. Sherman*, 2017 U.S. Dist.

LEXIS 64116 at *4 (E.D. Cal. Apr. 27, 2017) (citing *Rand*, 154 F.3d at 960-61); *see also Roberson v. Singh,* 2015 U.S. Dist. LEXIS 166525 at * (E.D. Cal. Dec. 11, 2015) ("the purpose of the *Rand* notice is to provide plaintiff with 'fair, timely and adequate notice of what is required' to oppose a motion for summary judgment") (quoting *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012)). Thus, issuance of the *Rand* notice is to further the administration of justice and ensure fairness to pro se litigants such as Plaintiff and does not offer assistance to the party filing a motion for summary judgment. If a defendant does not provide a *Rand* notice, the Court must provide the notice to the plaintiff. *See Labatad v. Corr. Corp. of Am.*, 714 F.3d 1166 (9th Cir 201) (noting the *Rand* notice was issued by the district court after the defendants filed a motion for summary judgment). Thus, Plaintiff fails to demonstrate any bias by the Court issuing a *Rand* notice to inform Plaintiff of the requirements to filing an opposition to the motion for summary judgment, though it was received belatedly after the deadline indicated in the order.[3]

Further, Plaintiff again fails to demonstrate bias through the orders denying his request for counsel. As explained above, disagreement with the prior orders of the Court is not sufficient to support a motion for disqualification. The legal standards governing the requests for counsel and discovery were explained, as were both the procedural and substantive deficiencies of the motions for counsel. (*See* Docs. 21, 37) Despite Plaintiff's contention that the action is complex (Doc. 51 at 6), the Court reiterates the issue of whether Plaintiff suffered excessive force is one routinely raised in the federal court, and he has identified no facts or legal issues that render this action complex.

The record does not support a conclusion that a reasonable person would believe the magistrate judge has exhibited bias in the action. Therefore, to the extent Plaintiff seeks disqualification of the magistrate judge due to bias, the request is **DENIED**.

### III.   Conclusion and Order

For the forgoing reasons, Plaintiff fails to show bias based upon the Court's prior orders and

---

[3] The Court notes that Local Rule 230(l) makes the deadline for opposing three weeks after the date of service of the motion. The motion was served on January 10, 2020. Thus, under the Local Rule, Plaintiff's opposition to the motion was due on January 31, 2020. Plaintiff reports that he did not receive the *Rand* notice until February 27, 2020. Thus, having no information about the extension of time the Court granted to him—from January 31 until February 14—Plaintiff does not explain why he did not file his opposition by January 31, 2020.

issuance of the *Rand* notice. However, the *Rand* notice issued by the Court was not received in a timely manner by Plaintiff due to issues with service. Because Plaintiff received the notice beyond the deadline ordered, the Court will extend the time for filing an opposition to the motion for summary judgment. Accordingly, the Court **ORDERS**:

1. Plaintiff's request for an extension of time to oppose the motion for summary judgment is **GRANTED**;
2. Plaintiff **SHALL** file any opposition to the motion **no later than April 10, 2020**; and
3. Plaintiff's request for disqualification of the magistrate judge is **DENIED**.

IT IS SO ORDERED.

Dated: __**March 9, 2020**__  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE