UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK ARELLANO,<br><br>  Plaintiff,<br><br>  v.<br><br>CHAD HASKINS, et al.,<br><br>  Defendants. | No. 1:17-cv-01235-DAD<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STRIKE<br><br>(Doc. No. 62) |

Before the court is the "motion to strike summary judgment" filed by plaintiff Erik Arellano, who is proceeding *pro se* in this civil action brought under 42 U.S.C. § 1983 against defendants. (Doc. No. 62.)

On March 30, 2021, the court granted defendants' motion for summary judgment, entered judgement in favor of defendants, and closed this case. (Doc. Nos. 57, 58.)

On May 12, 2021, plaintiff filed the pending "motion to strike summary judgment," arguing that the court should strike defendants' motion for summary judgment—notwithstanding the fact that the court has already granted that motion and closed this case—because defendants did not meet and confer with plaintiff prior to filing their motion for summary judgment. (Doc. No. 62.) Plaintiff contends that pursuant to Local Rules 230 and 260, defendants were required to meet and confer with him, despite the fact that he is incarcerated, by using an "attorney visit" at the correctional institution where he is serving his sentence. (*Id.* at 2–3.)

1

1    On May 14, 2021, defendants filed an opposition to the pending motion, in which they argue that they were not required to meet and confer with plaintiff prior to filing their motion for summary judgment. (Doc. No. 63 at 4.) Defendants also argue that even if such a requirement applied, plaintiff failed to raise the meet and confer issue in his opposition to their motion for summary judgment. (*Id.* at 3–4.) Moreover, defendants emphasize that although plaintiff raised the meet and confer issue in his response to the court's *Rand* notice (Doc. Nos. 47, 51), the assigned magistrate judge rejected plaintiff's argument that the motion for summary judgment should be denied or stricken on that basis and instead granted plaintiff an extension of time in which to file his opposition to defendants' motion for summary judgment. (*Id.*) (citing Doc. No. 52). Accordingly, defendants urge the court to deny plaintiff's motion, which they believe is "nothing more than a last ditch effort by the Plaintiff to keep his case alive after it has been dismissed by this Court." (*Id.* at 2.)

First, plaintiff is mistaken regarding the applicable meet and confer requirements. The Local Rules do not require a party to meet and confer with *pro se* litigants who are incarcerated prior to filing motions. *See Hammler v. Wright*, No. 2:15-cv-1645-GEB-EFB, 2017 WL 823361, at *2 (E.D. Cal. Mar. 2, 2017), *report and recommendation adopted*, 2017 WL 2225103 (E.D. Cal. May 22, 2017) (noting that Local Rule 251's requirement that *counsel* meet and confer prior to filing discovery motions does not apply to a party who is incarcerate and proceeding *pro se*) (emphasis added); *Harpool v. Beyer*, No. 2:10-cv-1253-MCE-GGH, 2011 WL 5103041, at *4 (E.D. Cal. Oct. 25, 2011) ("Required meet and confers in the *pro se* prisoner litigation context would seem to be unjust, tardy and expensive."). Moreover, although the undersigned's standing order in civil cases imposes a pre-filing meet and confer requirement on parties that are represented by counsel, that requirement does not apply where a party proceeds *pro se*.

Second, given that the Local Rules did not require defendants to meet and confer with plaintiff prior to filing their motion for summary judgment, the magistrate judge's rejection of plaintiff's argument in this regard was proper. Plaintiff has not demonstrated any grounds whatsoever to support reconsideration by the undersigned of that conclusion.

/////

Third, plaintiff has not shown that defendants' purported failure to meet and confer with him prior to filing their motion for summary judgment had any impact on his ability to oppose that motion or would have altered the outcome of that motion. Not only was plaintiff granted an extension of time in which to file his opposition to defendants' motion, but in his opposition, plaintiff substantially opposed every aspect of defendants' motion. *See Rezaipour v. Cty. of Los Angeles*, No. 12-cv-05005-MWF-VBK, 2014 WL 12687111, at *2 (C.D. Cal. Aug. 26, 2014) (concluding that the plaintiff was not prejudiced by the defendant's failure to meet and confer as required by the applicable local rules because plaintiff nevertheless filed a timely and substantive opposition). Moreover, the court fully considered and addressed plaintiff's arguments in ruling on defendants' motion. (*See* Doc. No. 57.)

Fourth, plaintiff has provided no authority to support his argument that a movant's failure to meet and confer prior to filing a motion—a motion that the court has since granted—constitutes a proper ground for reconsideration and striking that motion outright.

For the foregoing reasons, plaintiff's "motion to strike summary judgment" (Doc. No. 62) is hereby denied. No further filings will be entertained in this closed case.

IT IS SO ORDERED.

Dated: __**April 4, 2022**__        _____
                                    UNITED STATES DISTRICT JUDGE

3